DECISION AND JUDGMENT ENTRY
This is an appeal from an Athens County Municipal Court judgment that granted a motion to suppress evidence filed by Erin Theiss, defendant below and appellee herein. Pursuant to Crim.R. 12(J), the State of Ohio, plaintiff below and appellant herein, appealed the trial court's judgment.
Appellant assigns the following error for review:
 "THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO PROBABLE CAUSE TO ARREST THE DEFENDANT FOR DRIVING UNDER THE INFLUENCE OF ALCOHOL."
On January 9, 2001, at approximately 2:00 a.m., Athens City Police Officer Krisha Osborne observed appellee's vehicle drive by her patrol car. The officer noticed that the license plate on appellee's vehicle was not properly illuminated and she decided to conduct a traffic stop.
After stopping appellee's vehicle, Officer Osborne smelled an odor of alcohol and noticed that appellee had bloodshot eyes. After speaking with appellee, the officer noted that appellee's speech did not seem particularly clear. She explained: "I wouldn't say it was slurred, but it just didn't seem like it was flowing fluidly." Officer Osborne asked appellee to exit the vehicle. The officer stated that as appellee exited the vehicle, appellee "had a little bit of difficulty," but the officer did not elaborate.
After observing appellee's performance of several field sobriety tests, (horizontal gaze nystagmus, the one-leg stand, finger-to-nose and the "alphabet"), Officer Osborne decided to arrest appellant.
Following a not guilty plea, appellee filed a motion to suppress evidence. Appellee argued, inter alia, that the officer lacked probable cause to arrest her for driving while under the influence of alcohol.
On April 5, 2001, the trial court held a hearing to consider appellee's motion to suppress evidence. At the hearing, Officer Osborne testified that in 1993, she was certified to administer field sobriety tests, but that since 1993, she has not been retrained and has not reviewed the current standards for field sobriety tests as set forth in the National Highway Traffic Safety Administration ("NHTSA") manual. The trial court judge asked Officer Osborne whether she had performed the field sobriety tests in accordance with the most recent NHTSA standards and she stated that she did not.
On July 3, 2001, the trial court granted appellee's motion to suppress. The trial court concluded that Officer Osborne lacked probable cause to arrest appellee for driving while under the influence of alcohol. Appellant filed a timely notice of appeal.
In its sole assignment of error, appellant argues that the trial court erred by granting appellee's motion to suppress evidence and by determining that probable cause to arrest appellee did not exist.[1]
Appellant argues that the totality of the circumstances demonstrates that the officer possessed probable cause that appellee had been driving while under the influence of alcohol, in violation of Athens City Code 7.03.07(A)(1) and (A)(3). Appellant asserts that the following facts gave the officer probable cause to arrest appellant for driving while under the influence: (1) appellee had bloodshot eyes; (2) appellee had trouble exiting the car; (3) the officer smelled a strong odor of alcohol emanating from appellee's breath; (4) appellee admitted that she consumed "a couple"; and (5) appellee's speech was slow.
Initially, we note that appellate review of a trial court's decision regarding a motion to suppress evidence involves a mixed question of law and fact. See State v. Long (1998), 127 Ohio App.3d 328, 332, 713 N.E.2d 1,3. When ruling on a motion to suppress evidence, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and to evaluate the credibility of witnesses. See Statev. Fanning (1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583, 584; State v.Dunlap (1995), 73 Ohio St.3d 308, 314, 652 N.E.2d 988, 995. Accordingly, a reviewing court must defer to the trial court's findings of fact if competent, credible evidence exists to support the trial court's findings. See State v. Smith (1997), 80 Ohio St.3d 89, 105, 684 N.E.2d 668;Long, supra; State v. Medcalf (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. The reviewing court then must independently determine, without deference to the trial court, whether the trial court properly applied the substantive law to the facts of the case. See Long; State v. Williams
(1993), 86 Ohio App.3d 37, 619 N.E.2d 1141; State v. Fields (Nov. 29, 1999), Hocking App. No. 99 CA 11, unreported. See, generally, Ornelas v.United States (1996), 517 U.S. 690, 116 S.Ct. 1657, 134 L.Ed.2d 911;State v. Wise (Sept. 12, 2001), Summit App. No. 20443, unreported.
The Fourth Amendment to the United States Constitution[2] protects individuals against unreasonable governmental searches and seizures. See, e.g., Delaware v. Prouse (1979), 440 U.S. 648, 662, 99 S.Ct. 1391,59 L.Ed.2d 660. "Searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under theFourth Amendment — subject only to a few specifically established and well-delineated exceptions." Katz v. United States (1967),389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576.
While a warrantless arrest generally is unreasonable and violative of the Fourth Amendment, a warrantless arrest is valid if the arresting officer possessed probable cause to believe that the individual had committed or was committing a crime. See, e.g., Beck v. Ohio (1964),379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142. In determining whether probable cause to arrest exists, the totality of the facts and circumstances must be "sufficient to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Id.; see, also, Gerstein v. Pugh (1975), 420 U.S. 103, 111-112, 95 S.Ct. 854,43 L.Ed.2d 54; State v. Tibbetts (2001), 92 Ohio St.3d 146, 153,749 N.E.2d 226, 242.
In the context of a case involving a individual suspected of driving while under the influence, factors relating to the individual's performance of field sobriety tests are inadmissible unless the officer "administered the test in strict compliance with standardized testing procedures." State v. Homan (1999), 89 Ohio St.3d 421, 732 N.E.2d 952, paragraph one of the syllabus. Officers must strictly administer field sobriety tests because the reliability of field sobriety tests "depends largely upon the care with which they are administered." Id.,89 Ohio St.3d at 425, 732 N.E.2d at 956.
In the case sub judice, the record is clear that Officer Osborne failed to administer the field sobriety tests in strict compliance with the established standards.[3] The officer stated that in 1993 she received field sobriety test training and certification. She further stated, however, that since 1993, she has not had any field sobriety test re-training. Thus, we agree with the trial court's conclusion to exclude the field sobriety test results from the probable cause analysis.
We readily acknowledge, however, that even if evidence concerning field sobriety test results must be excluded due to an officer's failure to administer the tests in strict compliance with established standards, evidence other than the accused's performance of the tests may nevertheless provide probable cause to arrest. See Homan,89 Ohio St.3d at 427, 732 N.E.2d at 957 (stating that "probable cause to arrest does not necessarily have to be based, in whole or in part, upon a suspect's poor performance on one or more of" the field sobriety tests).
 "The totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety test were administered or where * * * the test results must be excluded for lack of strict compliance."
Id. In State v. Medcalf (1996), 111 Ohio App.3d 142, 147, 675 N.E.2d 1268,1271, we explained when an officer possesses probable cause to arrest an individual for suspicion of driving while under the influence of alcohol:
 "To determine whether an officer had probable cause to arrest an individual for [driving while under the influence of alcohol], the court must examine whether, at the moment of the arrest, the officer had knowledge from a reasonably trustworthy source of facts and circumstances sufficient to cause a prudent person to believe that the suspect was driving while under the influence of alcohol.* * * * An arrest for driving under the influence need only be supported by the arresting officer's observations of indicia of alcohol consumption and operation of a motor vehicle while under the influence of alcohol."
Id., 111 Ohio App.3d at 147-148, 675 N.E.2d at 1271 (citations omitted).
In Homan, the court determined that the totality of the circumstances revealed that the officer possessed probable cause to arrest the defendant for driving while under the influence of alcohol when the officer observed: (1) the defendant's erratic driving; (2) the defendant's red and glassy eyes; (3) the smell of alcohol on the defendant's breath; and (4) the defendant's admission of consuming alcoholic beverages.
In the case at bar, we again agree with the trial court's conclusion that the totality of the circumstances known to Officer Osborne at the moment of the arrest do not reveal that the officer possessed probable cause that appellee had been driving while under the influence of alcohol. The officer noted that appellee correctly recited the A, B, C's. The officer stated that the only indicia of appellee's apparent intoxication (other than appellee's performance on the field sobriety tests) were: (1) appellee's bloodshot eyes; (2) appellee's less than "fluid" speech; (3) appellee's difficulty (described as "a little bit of difficulty" without further elaboration) exiting the vehicle; (4) the odor of alcohol and (5) appellee's admission that she had "a couple." These facts are insufficient to establish probable cause to arrest for driving while under the influence of alcohol. Unlike the officer inHoman, the officer in the case at bar did not observe appellee driving in an erratic manner so as to indicate that her driving skills may have been impaired.[4] See, also, Cincinnati v. Sims (Oct. 26, 2001), Hamilton App. Nos. C-010178 and C-010179, unreported, n. 8 (noting that erratic driving weighs heavily in the probable cause analysis). Moreover, appellee's admission and appellee's physical characteristics do not necessarily indicate that the alcohol level in her system impaired her driving ability. See, generally, State v. Sanders (Dec. 29, 2000), Marion App. No. 9-2000-56, unreported.
Accordingly, based upon the foregoing reasons, we overrule appellant's sole assignment of error and affirm the trial court's judgment.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J. Kline, J.: Concur in Judgment Opinion.
[1] Appellant also appears to assert that the trial court improperly concluded that the officer did not possess reasonable suspicion of criminal activity to stop appellee's vehicle. The trial court's decision, however, does not address whether the officer possessed a reasonable suspicion to stop appellee's vehicle. Instead, the trial court concluded that no probable cause to arrest appellant existed. We therefore decline to address appellant's argument that the trial court erroneously concluded that the officer lacked reasonable suspicion to stop appellee's vehicle.
[2] The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
Section 14, Article I of the Ohio Constitution also protects individuals from unreasonable searches and seizures. The section provides:
 The right of the people to be secure in their persons, houses, papers, and possessions, against unreasonable searches and seizures shall not be violated, and no warrant shall issue, but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the person and things to be seized.
[3] Although the trial court did not explicitly state whether Officer Osborne strictly complied with the field sobriety test standards, it appears that the trial court implicitly found that the officer failed to strictly administer the tests. The trial court cited Homan and noted that it held that the results of field sobriety tests must be excluded if not administered in strict compliance with established standards.
[4] Our decision should not be construed as creating a bright-line rule requiring an officer to observe an individual driving erratically before the officer can arrest the individual for driving while under the influence. Erratic driving does provide, however, one important factor to consider when determining the existence of probable cause to arrest for driving while under the influence.